## TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4056
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780
www.tompkinsmcguire.com

William H. Trousdale
*Partner*

Tel: (973) 623-7893
E-Fax: (973) 623-7483
wtrousdale@tompkinsmcguire.com

May 25, 2011

**Via E-Filing and Fax**

Hon. Mary L. Cooper, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re: *Mutual Pharmaceutical Company, Inc., et al. v.*
       *West-Ward Pharmaceutical Corporation*
       Civil Action No. 11-2276 (MLC)(DEA)

Dear Judge Cooper:

  This firm represents plaintiffs (collectively, "Mutual") in the above-captioned patent infringement case.

  I am reporting back to Your Honor regarding the Court's request of May 20 that the parties work out a briefing schedule for a preliminary injunction so that the briefing could be "conducted in an orderly fashion," and that the process begin with defendant ("West-Ward") providing advanced notice of its product launch.

  This case arose because, on or about September 1, 2010, West-Ward submitted an application to FDA for approval of its colchicine tablet. West-Ward colchcinie tablet has the *same* active pharmaceutical ingredient and indication for use as Mutual's patented COLCRYS® (colchicine, USP) tablets. As Your Honor knows, Mutual will seek preliminary injunctive relief as soon as West-Ward obtains FDA approval for its colchicine tablet which, according to West-Ward's statements, is imminent.

**TOMPKINS, McGUIRE, WACHENFELD & BARRY**

2

Shortly after receiving the Court's request for a briefing schedule for the injunction process, Mutual proposed the following schedule to West-Ward:

(a) West-Ward shall provide 30 days advanced notice of the launch of its colchicine tablet, and do so by electronic mail;

(b) Mutual files its injunction papers within 7 days of such notice;

(c) West-Ward files its opposition papers no later than 7 days after receiving plaintiffs' motion papers; and

(d) Mutual files its reply papers within 7 days of receiving the opposition.

On May 24, West-Ward told Mutual that advance notice is "not practicable" because it does "not control FDA approval of its Application." Mutual disagrees. While West-Ward may not know the exact date of FDA approval, it certainly knows and controls when it will launch its colchicine tablet. And since Mutual does not know when West-Ward will launch its colchicine tablet, and West-Ward's launch date is entirely within its control, advanced notice of the launch is practicable and sensible, as it will avoid the unnecessary fire drill that would necessarily result from an unannounced launch of the product (*i.e.*, Mutual petitioning the Court on an emergency basis for a temporary restraining order, followed by a preliminary injunction).

West-Ward also rejected Mutual's proposal on the grounds that Mutual did not even seek injunctive relief in the Complaint that it filed. This position ignores the law and is simply off point. While Mutual may not seek an injunction against *future* infringement, it may do so after West-Ward actually infringes the Patents, which in this case will be when it launches. *See e.g., Lang v. Pacific Marine,* 895 F.2d 761, 766 (Fed. Cir. 1990). In other words, the timing for Mutual's motion seeking injunctive relief is tied directly to the FDA's approval of West-Ward's Application and the launch of West-Ward's infringing product. Accordingly, the fact that Mutual has not sought or requested injunctive relief as of this time is not relevant to the issue of a briefing schedule.

In sum, Mutual's proposed plan of advanced notice and briefing schedule will not impose any undue hardship on West-Ward. On the other hand, the absence of notice to Mutual would impose great hardship on Mutual, which will be detailed in Mutual's injunction papers. Lastly, making advanced notice part of the briefing schedule will ensure that the injunction process be conducted in an orderly fashion. Accordingly, Mutual respectfully requests that the Court accept Mutual's briefing schedule.

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

3

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*Wm Trousdale*

William H. Trousdale
For   TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc:   Hon. Douglas E. Arpert, U.S.M.J.  (Via Fax)
All Counsel (Via E-Mail)