

**Michael Dore**
Member of the Firm
Tel 973 597 2344
Fax 973 597 2345
mdore@lowenstein.com

May 26, 2011

**VIA ELECTRONIC FILING AND REGULAR MAIL**

Honorable Mary L. Cooper, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   Mutual Pharmaceutical Company, Inc., et al. v. West-Ward Pharmaceutical Corporation, Civil Action No. 11-2276 (MLC)(DEA)

Dear Judge Cooper:

This firm represents Defendant West-Ward Pharmaceutical Corporation ("West-Ward"), the Defendant in the above-captioned patent infringement case relating to the drug colchicine. We are writing in response to Mr. Trousdale's May 25, 2011 letter to the Court.

Yesterday, just as we were preparing a substantive response to Mr. Trousdale's letter, we received notice that the FDA granted and rejected in part a related Citizen Petition that Mutual Pharmaceutical Company, Inc. and the other Plaintiffs (collectively "Mutual") had filed. This Citizen Petition sought to prevent West-Ward from marketing the product at issue in this litigation. The content of FDA's response had a dramatic effect on the course of this case, as will be detailed below.

As a threshold matter, as the Court may or may not be aware, the present case is a follow up to litigation that remains pending before the Honorable Judge Garrett Brown, Jr. of this Court.[1] When Mutual completed the Civil Cover Sheet for this case, it did not reference that related

---

[1] The caption on the related case is: *Mutual Pharmaceutical Company, et al. v. Watson Pharmaceuticals, Inc., et al.*, 3:09-cv-05421-GEB-TJB.

Lowenstein Sandler PC   In California, Lowenstein Sandler LLP                             www.lowenstein.com

65 Livingston Avenue   Roseland, NJ 07068   Tel 973 597 2500   Fax 973 597 2400         New York  Palo Alto  Roseland

Honorable Mary L. Cooper, U.S.D.J.  
Page 2

May 26, 2011

action as Local Rule 40.1(c) required. West-Ward believes that the cases are related and thus, if the present action proceeds, it should be transferred to Judge Brown.[2]

Turning briefly to the substance of Mr. Trousdale's correspondence, in 2009, shortly after securing FDA approval for its colchicine tablets, Mutual sued every other colchicine distributor under the Lanham Act for continuing to distribute the same product that they and Mutual had distributed for decades without approval. Although that case remains active, last fall, West-Ward settled with Mutual and was dismissed.

Since that time, West-Ward has been pursuing its own FDA approval for a colchicine indication for which Mutual did not secure FDA exclusivity: gout prophylaxis. In connection with its efforts to prevent West-Ward from marketing colchine, prior to filing this case, Mutual submitted a Citizen Petition to FDA in which it requested that the agency take several actions, including forcing West-Ward to file its approval action as a more time consuming "Abbreviated New Drug Application" or "ANDA" instead of the "New Drug Application" or "NDA" that it filed. Yesterday, FDA granted the petition and is now requiring West-Ward to pursue the ANDA route. Due to the timeline related to such an application, that agency action eliminates all exigency from the present case and West-Ward does not believe that Mutual will seek injunctive relief in this case. In fact, late yesterday, West-Ward contacted Mutual's counsel and inquired whether it will be dismissing this case. Earlier today, we were told that Mutual likely will make a decision regarding dismissal later today.

In the meantime, we wanted to notify the Court of this significant development, and ask that it hold any decision on any schedule in connection with a motion for injunctive relief in abeyance pending our receipt of Mutual's decision about the further conduct of this case. If Mutual decides not to dismiss this case, we will respond with respect to this scheduling issue within 48 hours.

Respectfully yours,

Michael Dore

cc:   All Counsel (via electronic service)

22537/6  
05/26/11 17626144.2

---

[2] If this case is not promptly dismissed by Mutual, at the time of its filing of a responsive pleading to Mutual's complaint, West-Ward will seek a transfer of this case to Chief Judge Brown in accordance with Local Rule 40.1 (d).

**Lowenstein Sandler**  
ATTORNEYS AT LAW